UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENJAMIN GAMORAN, derivatively on behalf of
the nominal defendant with respect to its series mutual
fund, the Neuberger Berman International Fund,

               Plaintiff,

NEUBERGER BERMAN MANAGEMENT, LLC,
NEUBERGER BERMAN, LLC, BENJAMIN
SEGAL, MILU E. KOMER, PETER E. SUNDMAN,
JACK L. RIVKIN, JOHN CANNON, FAITH
COLISH, MARTHA C. GOSS, C. ANNE HARVEY,
ROBERT A. KAVESH, HOWARD A. MILEAF,
EDWARD I. O'BRIEN, WILLIAM E. RULON,
CORNELIUS T. RYAN, TOM D. SEIP, CANDACE
L. STRAIGHT, AND PETER P. TRAPP,

               Defendants,

         and

NEUBERGER BERMAN EQUITY FUNDS d/b/a
NEUBERGER BERMAN INTERNATIONAL FUND,

               Nominal Defendant.

**ORDER**

10 Civ. 6234 (LBS)

---

SAND, J.

      Plaintiff Benjamin Gamoran moves for reconsideration of this Court's November 8, 2010

Memorandum and Order denying his motion to remand this action to state court for lack of

jurisdiction.  For the reasons stated below, Plaintiff's motion is denied.

      "Reconsideration of a previous order by the court is an extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial resources."

*Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (internal

quotation marks omitted).  Local Rule 6.3 requires that motions for reconsideration set forth

concisely "the matters or controlling decisions which counsel believes the court has overlooked." The moving party "may not advance new facts, issues or arguments not previously presented to the Court." *Aikman v. Cnty. of Westchester*, 691 F. Supp. 2d 496, 498 (S.D.N.Y. 2010) (internal quotation marks omitted). Motions for reconsideration "are narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258 (S.D.N.Y. 2009). A motion for reconsideration "is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

Plaintiff argues that this Court overlooked Delaware law in denying his Motion to Remand this case to New York state court. However, Plaintiff never propounded any theory of liability based on Delaware law and never identified any applicable Delaware statute or caselaw in the Complaint or in the Motion to Remand. The only mention of Delaware anywhere in the Complaint comes in the identification of the parties and their states of residence. Compl. ¶¶ 8, 13. In contrast, the Complaint is permeated with countless references to federal law and federal enforcement actions. *See, e.g.*, Compl. ¶¶ 27, 35, 58, 65, 67–69, 71–72, 76–84, 88, 117. When Plaintiff cites state law, he almost always cites New York law and never cites Delaware law. Compl. ¶¶ 27, 35, 37, 61, 62, 66. Similarly, Plaintiff's Memorandum of Law supporting his Motion to Remand contains only one reference to Delaware, regarding the corporate organization of Nominal Defendant, Pl. Mem. Supp. Mtn. Remand at 13, and makes no attempt to argue any theory of liability under Delaware law. His state law citations are all from New

York, with the exception of a single Delaware case concerning not liability, but the principle that shareholders own a corporation.  *Id.* at 11.  Having failed to raise a theory of liability under Delaware law in his Complaint or his Motion to Remand, Plaintiff cannot present it for the first time on a motion for reconsideration.  "Any controlling decisions or factual matters presented by a litigant for reconsideration must have been put before the Court in the underlying motion." *Range Rd. Music v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000).

Plaintiff protests that he was forced to introduce Delaware law because the Court treated his waste claim differently from his negligence and fiduciary duty claims.  Because this distinction is allegedly inconsistent with Delaware law, he argues that he "can hardly be faulted for failing to anticipate" this aspect of the Court's decision and should therefore be allowed to introduce Delaware law in his Motion for Reconsideration.  Pl. Reply Mem. Supp. Mot. Reconsideration at 5.  However, the Court did not treat Plaintiff's waste claim differently.  The Memorandum and Order denying remand applied the necessity analysis of *Grable v. Darue* to all of Plaintiff's claims for relief after Plaintiff urged the Court to follow this case.  *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  Plaintiff himself pleaded the waste claim differently from his negligence and fiduciary duty claims by explicitly alleging violations of federal criminal law as the basis of the waste claim.  Compl. ¶¶ 139–40.  He cannot claim that he was taken by surprise when the Court simply applied the precedent he cited to the claims and factual allegations that he presented in the Complaint.

Plaintiff's eleventh-hour citation of Delaware law also fails on the merits.  Plaintiff claims that he sufficiently pleaded Delaware corporate waste without relying on a violation of federal criminal law by alleging that "Defendants each breached their duties to prevent the waste of Nominal Defendant's assets with respect to the Fund[,]" Compl. ¶ 135, and by incorporating

3

all the preceding allegations in the Complaint.  Compl. ¶ 138.  He contends that these allegations

can be read separately from the violations of federal law alleged in ¶ 139 and ¶ 140, which he

presents as a theory in the alternative.  On his motion to remand, Plaintiff made a similar

argument presenting violations of 18 U.S.C. § 1955 and N.Y. Penal Law Article 225 as theories

in the alternative rather than separate claims.  Now, as then, Plaintiff fails to take into account the

Second Circuit's decision in *Broder v. Cablevision Systems*, which holds that the test in these

cases is "whether at least one federal aspect of [Plaintiff's] complaint is a logically separate

claim, rather than merely a separate theory that is part of the same claim as a state-law theory."

418 F.3d 187, 194 (2d Cir. 2005).  Here, Plaintiff's proposed Delaware state law claim would

seek to establish waste through "the diversion of corporate assets for improper or unnecessary

purposes" under Delaware law.  *Michelson v. Duncan*, 407 A.D. 211, 217 (Del. 1979).  His

allegations of federal violations, however, would require a determination that investment in

illegal gambling companies is itself a criminal violation of section 1955—a determination that no

federal court has made at this point.  These two inquiries involve "logically separate"

determinations of both fact and law, and under *Broder*, they must be considered as separate

claims.  418 F.3d at 194.[1]  Plaintiff has therefore alleged a waste claim that "necessarily" raises a

federal issue—the violation of section 1955.  *Grable*, 545 U.S. at 314.  A single claim over

which federal question jurisdiction exists is sufficient to allow removal.  *Exxon Mobil Corp. v.

Allapattah Servs., Inc.*, 545 U.S. 546, 566 (2005).

---

[1] Plaintiff has attempted to distinguish *Broder* by pointing out that the plaintiff in that case requested a declaratory judgment establishing the defendant's violation of federal law.  However, this portion of the decision was dicta, merely confirming the actual holding that a federal issue that is logically separate from a state law claim must be considered a separate claim for *Grable* purposes.  418 F.3d at 195.

4

For the purposes of this motion, Plaintiff is attempting to transform a case originally filed in a New York court and based on violations of federal and New York criminal statutes into an action under Delaware common law.  Yet, even as he claims that federal law is not a necessary element of his state claims, he concedes that at trial he would ask a state court to interpret, in the first instance, the scope of a federal criminal statute.  Tr. Oral Arg. Nov. 3, 2010 at 7–8. Plaintiff's invocation of Delaware common law is an attempt to evade federal jurisdiction over a proceeding which is—and which he will present as—a matter of federal law.

Accordingly, Plaintiff's Motion for Reconsideration of the Court's November 8, 2010 order is denied.


SO ORDERED.


Dated: February 9, 2010
       New York, NY

_____
                              U.S.D.J.