Joanna A. Diakos (JD 7269)
K&L GATES LLP
599 Lexington Avenue
New York, New York  10022-6030
(212) 536-3900
E-mail: joanna.diakos@klgates.com

*Attorneys for Defendants John Cannon, Faith Colish,
Martha C. Goss, C. Anne Harvey, Robert A. Kavesh,
Howard A. Mileaf, Edward I. O'Brien, William E. Rulon,
Cornelius T. Ryan, Tom D. Seip, Candace L. Straight,
Peter P. Trapp and Nominal Defendant Neuberger Berman Equity Funds*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN M. GAMORAN, derivatively on behalf of the nominal defendant with respect to its series mutual fund, the Neuberger Berman International Fund,<br><br>                     Plaintiff,<br><br>- against -<br><br>NEUBERGER BERMAN MANAGEMENT LLC, et al.,<br><br>                     Defendants,<br><br>- and -<br><br>NEUBERGER BERMAN EQUITY FUNDS d/b/a/ NEUBERGER BERMAN INTERNATIONAL FUND,<br><br>                     Nominal Defendant. | 10 Civ. 6234 (LBS) (MHD)<br><br>ECF Case |

**INDEPENDENT TRUSTEES' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
<u>PLAINTIFF'S VERIFIED DERIVATIVE COMPLAINT</u>**

DC-1513504 v7

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    I.    THE ACTION SHOULD BE DISMISSED ................................................................... 3

    II.    A RULING ON WHETHER PLAINTIFF HAS STATED A LEGALLY VIABLE CLAIM WILL SUBSTANTIALLY ASSIST THE BOARD ............................................. 5

CONCLUSION ............................................................................................................................... 8

This Memorandum of Law is submitted by Nominal Defendant Neuberger Berman Equity Funds (the "Trust") and one of its series, the Neuberger Berman International Fund (the "Fund"), by one of the Fund's former independent trustees – William E. Rulon – and by the following current independent trustees of the Fund: John Cannon, Faith Colish, Martha C. Goss, C. Anne Harvey, Robert A. Kavesh, Howard A. Mileaf, Edward I. O'Brien, Cornelius T. Ryan, Tom D. Seip, Candace L. Straight, and Peter P. Trapp (all individual current or former independent trustee defendants are collectively referred to hereinafter as the "Independent Trustee Defendants"). The remaining defendants are referred to as the "Neuberger Defendants."

## PRELIMINARY STATEMENT

This is a purported shareholder derivative action. Plaintiff's Verified Derivative Complaint (the "Complaint" or "Compl.," Ex. A to the Declaration of Joanna A. Diakos filed herewith) alleges that the Fund was injured because it invested in London Stock Exchange traded shares of two companies that offered or facilitated online gambling to U.S. players. Plaintiff contends that such investments were illegal under federal and state law and hence *ultra vires*. The Trust is a business trust organized under Delaware law. See Compl. ¶ 8. The Complaint names as defendants the Fund's investment advisor (Neuberger Berman Management LLC), the Fund's subadvisor (Neuberger Berman, LLC), certain persons affiliated with these entities, and the Independent Trustee Defendants. Compl. ¶¶ 12-19. Each defendant is alleged to be liable for breach of fiduciary duty, negligence, and waste. Compl. ¶¶ 126-41.

For mutual funds, as with ordinary corporations, "[a] shareholder derivative action is an exception to the normal rule that the proper party to bring a suit on behalf of the corporation is the corporation itself, acting through its directors or a majority of its shareholders." Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 542 (1984). Accordingly, "to protect the directors'

1

prerogative to take over the litigation or oppose it[,] … [a]ll States require that a shareholder make a precomplaint demand on the directors." Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 101-02 (1991). Delaware law recognizes only a very limited "demand futility" exception to the general rule prohibiting shareholders from pursuing corporate claims. White v. Panic, 783 A.2d 543, 551 (Del. 2001).

Notwithstanding these well-established principles – and even though Judge Cote had already rejected similar demand futility allegations in a similar lawsuit filed by plaintiff's counsel, Seidl v. American Century Cos., Inc., 713 F. Supp. 2d 249 (S.D.N.Y. 2010) (analysis under both Maryland and Delaware law) – the Complaint inexplicably includes a large number of boilerplate allegations to the effect that demand was futile. See Compl. ¶¶ 93-121. The Independent Trustee Defendants consequently had to undertake the effort of briefing demand futility issues. One business day before defendants' motions to dismiss were previously due, however, plaintiff's counsel transmitted a demand letter to defendants' counsel addressed to the Trust's board. See Declaration of Douglas W. Henkin (dckt. 25, filed February 22, 2011) ¶¶ 9-10 & Ex. H. (The letter was provided to defendants' counsel on February 18, 2011, but it is dated February 17, 2011.)

Plaintiff's demand letter eliminates any possible issue regarding demand futility. "By making a demand, a stockholder tacitly acknowledges the absence of facts to support a finding of futility." Spiegel v. Buntrock, 571 A.2d 767, 775 (Del. 1990) (citation omitted). "Thus, when a demand is made, the question of whether demand was excused is moot" and "[t]he effect of [the] demand is to place control of the derivative litigation in the hands of the board of directors." Id. (citations omitted).

2

Under Fed. R. Civ. P. 23.1 and Delaware substantive law, it is therefore clear that the Independent Trustee Defendants are entitled to dismissal of this action based on plaintiff's mid-suit demand letter. See In re Sapient Corp Derivative Litig., 555 F. Supp. 2d 259, 263-64 (D. Mass. 2008).

In their motion to dismiss, the Neuberger Defendants have argued that the Court should dismiss the Complaint because it fails to state a legally viable claim. The Trust and the Independent Trustee Defendants take no position at this time regarding the merits of plaintiff's legal theories. However, the Trust and the Independent Trustee Defendants submit that a ruling from the Court on the substance of the Neuberger Defendants' motion to dismiss would benefit the Trust and further judicial efficiency. It seems clear that the viability of plaintiff's illegal investment theory will have to be litigated one way or the other, particularly given that plaintiff's demand letter and plaintiff's counsel's conduct in other cases demonstrate that plaintiff intends to pursue the claims in the Complaint regardless of what the Trust's board does in response to his demand. A decision by the Court regarding whether the Complaint states claims upon which relief could be granted based on briefing by plaintiff and the Neuberger Defendants is the most efficient way to proceed and would likely spare the Trust additional, unnecessary costs.

## ARGUMENT

### I.    THE ACTION SHOULD BE DISMISSED

Plaintiff's demand letter eliminates any possible issue regarding demand futility and unquestionably entitles the Independent Trustee Defendants to dismissal of this action.

"By making a demand, a stockholder tacitly acknowledges the absence of facts to support a finding of futility." Spiegel, 571 A.2d at 775. In other words, "the stockholder making the demand concedes the independence and disinterestedness of a majority of the board to respond."

3

Rales v. Blasband, 634 A.2d 927, 935 n.12 (Del. 1993). "Thus, when a demand is made, the question of whether demand was excused is moot." Spiegel, 571 A.2d at 775. Notwithstanding certain language to the contrary in plaintiff's demand letter, "[a] shareholder who makes a demand *can no longer argue that demand is excused*." Id. (emphasis added); accord RCM Sec. Fund, Inc. v. Stanton, 928 F.2d 1318, 1329 (2d Cir. 1991) ("Under Delaware law, the effect of a shareholder demand upon a board of directors is to deprive derivative plaintiffs of the right to argue futility."); Kamen, 500 U.S. at 103-04. In short, "[t]he effect of a demand is to place control of the derivative litigation in the hands of the board of directors." Spiegel, 571 A.2d at 775, and to terminate the stockholder's ability to maintain derivative litigation. See Stotland v. GAF Corp., 469 A.2d 421, 422 (Del. 1983).

> Accordingly, the instant action should be dismissed:
>
> [Fed. R. Civ. P. 23.1] is clear and unequivocal that, in derivative actions such as this, a shareholder demand must be made of appropriate corporate authorities *before* bringing suit, absent extraordinary circumstances that justify a failure to do so....
>
> Here, it is undisputed that Plaintiffs did not make a demand on the board prior to filing suit. Instead, pursuant to Rule 23.1, Plaintiffs' Complaint alleged that demand was futile. Plaintiffs then proceeded to make a demand on the Board, but this mid-suit demand does not satisfy the Rule's procedural prerequisite. Moreover, under Delaware law, Plaintiffs' mid-suit demand moots any claims of demand futility....
>
> Accordingly, this entire "demand excused" shareholder derivative action must be dismissed.

In re Sapient, 555 F. Supp. 2d at 263-64 (internal citations, footnotes, and internal quotation marks omitted). See also In re Smith & Wesson Holding Corp. Derivative Litigation, C.A. No. 09-cv-30174-MAP, --- F. Supp. 2d ---, 2010 WL 4119242, at *6-*7 (D. Mass. Oct. 20, 2010).

4

## II. A RULING ON WHETHER PLAINTIFF HAS STATED A LEGALLY VIABLE CLAIM WILL SUBSTANTIALLY ASSIST THE BOARD

The Neuberger Defendants have argued that the Court should dismiss the Complaint because it fails to state a legally viable claim.

For present purposes, the Independent Trustee Defendants take no position on the merits of plaintiff's illegal investment theories. However, the Independent Trustee Defendants submit that it would be beneficial to the Trust should the Court deem it appropriate to resolve the merits of the Complaint's legal theories, e.g., that an investment in the publicly traded securities of companies that offered or facilitated online gambling to U.S. players is a per se violation of federal and state law.

As illustrated by prior related cases, courts sometimes elect to resolve shareholder derivative cases by ruling on the merits of an underlying legal theory instead of or in addition to resolving the case on demand futility or related grounds. See, e.g., Seidl, 713 F. Supp. 2d 249 (dismissing similar lawsuit on proximate causation and demand futility grounds); McBrearty v. Vanguard Group, Inc., 08 Civ. 7650 (DLC), 2009 WL 875220 (S.D.N.Y. Apr. 2, 2009), aff'd, 353 Fed. Appx. 640 (2d Cir. 2009) (dismissing similar RICO claims on proximate causation grounds).

An opinion of the Court addressing the substance of plaintiff's legal theories would clarify a novel legal issue and substantially assist the board of trustees in evaluating what further steps might be appropriate with respect to plaintiff's allegations. Should it be concluded that plaintiff cannot state a viable legal claim based on the facts alleged in the Complaint, that of course would simplify the board's deliberations. The Trust, like any other potential plaintiff, cannot pursue claims that have been authoritatively adjudicated to be legally meritless. On the other hand, a determination by the Court that the Complaint states legally viable claims would be

an important factor in the board's exercise of its business judgment.  The legal merit of, and potential recovery from, a lawsuit generally are significant albeit not exclusive factors that a corporate or mutual fund board must consider in determining whether to pursue a corporate claim.  See, e.g., Zapata Corp. v. Maldonado, 430 A.2d 779, 788 (Del. 1981) ("[T]he final substantive judgment whether a particular lawsuit should be maintained requires a balance of many factors ethical, commercial, promotional, public relations, employee relations, fiscal as well as legal.") (internal citations omitted).

By contrast, if the Court dismisses the case without reaching the legal merits of the claims in the Complaint, then the board will have to decide whether to pursue the lawsuit in the face of legal uncertainty.  As the Court observed in its first opinion denying remand (dckt. no. 14, entered November 8, 2010, at 7), the legal question at the heart of plaintiff's Complaint apparently is one of first impression.  Thus, if the board were to opt to bring the lawsuit as demanded by plaintiff, then the Trust would face the same arguments that the Neuberger Defendants have already raised in support of dismissal for failure to state a claim.  Conversely, if the board were to decide against bringing the lawsuit, plaintiff almost certainly would challenge the decision – just as he has in past similar cases and as he has intimated he would in his demand letter in this case.  Plaintiff no doubt will raise the same arguments as to why his view of the law is correct that he will raise anyway in response to the Neuberger Defendants' arguments.

In short, plaintiff's novel argument regarding the scope of 18 U.S.C. § 1955 and related legal arguments almost certainly will have to be litigated.  Resolving the issues now, before this

Court, with the benefit of briefing from both the Neuberger Defendants and plaintiff would be most efficient and most cost effective for the Trust.[1]

---

[1] To be clear, this brief does not constitute a response by the Trust's board of trustees to plaintiff's demand letter. The Trust's board of trustees intends to respond separately to plaintiff's demand. See In re Sapient, 555 F. Supp. 2d at 264 ("Although this 'demand excused' action is dismissed, Plaintiffs have now made a demand on the Board. The effect of this demand is to place control of the derivative litigation in the hands of the board of directors. If the Board refuses this demand, Plaintiffs can decide to pursue a 'demand refused' action, and the Board's action would be subject to judicial review according to the traditional business judgment rule." (citations, footnotes, and internal quotation marks omitted)).

7

## CONCLUSION

For the foregoing reasons, the Independent Trustee Defendants and Nominal Defendant respectfully request that the Court dismiss this action with prejudice.

Dated: New York, New York
March 4, 2011

          Respectfully submitted,

          K&L GATES LLP

          By: /s/ Joanna A. Diakos
          Joanna A. Diakos (JD 7269)
          599 Lexington Avenue
          New York, NY 10022-6030
          E-mail: joanna.diakos@klgates.com
          Phone: (212) 536-3900
          Fax:   (212) 536-3901

          Jeffrey B. Maletta (*pro hac vice* motion forthcoming)
          Nicholas G. Terris (*pro hac vice* motion forthcoming)
          1601 K Street, NW
          Washington, DC 20006-1600
          E-mail: jeffrey.maletta@klgates.com
                   nicholas.terris@klgates.com
          Phone: (202) 778-9000
          Fax:   (202) 778-9100

          *Attorneys for Defendants John Cannon, Faith Colish,*
          *Martha C. Goss, C. Anne Harvey, Robert A. Kavesh,*
          *Howard A. Mileaf, Edward L. O'Brien,*
          *William E. Rulon, Cornelius T. Ryan,*
          *Tom D. Seip, Candace L. Straight, Peter P. Trapp and*
          *Nominal Defendant Neuberger Berman Equity Funds*