Joanna A. Diakos (JD 7269)
K&L GATES LLP
599 Lexington Avenue
New York, New York 10022-6030
(212) 536-3900
E-mail: joanna.diakos@klgates.com

*Attorneys for Defendants John Cannon, Faith Colish,
Martha C. Goss, C. Anne Harvey, Robert A. Kavesh,
Howard A. Mileaf, Edward I. O'Brien, William E. Rulon,
Cornelius T. Ryan, Tom D. Seip, Candace L. Straight,
Peter P. Trapp and Nominal Defendant Neuberger Berman Equity Funds*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN M. GAMORAN, derivatively on behalf of the nominal defendant with respect to its series mutual fund, the Neuberger Berman International Fund,<br><br>　　　　　　　　　Plaintiff,<br><br>　　- against -<br><br>NEUBERGER BERMAN MANAGEMENT LLC, et al.,<br><br>　　　　　　　　　Defendants,<br><br>　　- and -<br><br>NEUBERGER BERMAN EQUITY FUNDS d/b/a/ NEUBERGER BERMAN INTERNATIONAL FUND,<br><br>　　　　　　　　　Nominal Defendant. | 10 Civ. 6234 (LBS) (MHD)<br><br>ECF Case |

**INDEPENDENT TRUSTEES' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S VERIFIED DERIVATIVE COMPLAINT**

DC-9196335 v10

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.    WHETHER TO SEEK A DISMISSAL OR STAY ON BEHALF OF THE TRUST IS A DECISION FOR THE TRUST'S BOARD................................................................. 2

II.   A RULING ON WHETHER PLAINTIFF HAS STATED A LEGALLY VIABLE CLAIM WILL SUBSTANTIALLY ASSIST THE BOARD ............................................ 4

    A.    Plaintiff's Abdication Argument is Baseless .......................................................... 4

    B.    This is Not a Demand Refused Action ................................................................... 8

CONCLUSION....................................................................................................................... 10

Nominal Defendant Neuberger Berman Equity Funds and the Independent Trustee Defendants respectfully submit this Reply to Plaintiff's Opposition to their Motion to Dismiss (filed March 25, 2011, dckt. no. 33) (hereinafter the "Opposition" or "Opp.").[1]

**PRELIMINARY STATEMENT**

Plaintiff acknowledges that his recent demand letter is a waiver of demand futility. Opp. 13. It is thus beyond dispute that the Trust's board of trustees has the exclusive authority to control the Trust's potential legal claims that are the subject of this action.

Plaintiff nonetheless insists that, at least in certain circumstances, this action must be stayed regardless of the board's decision concerning the Trust's interests. Opp. 18. However, this is simply an impermissible effort by plaintiff to continue to exert authority over a case that plaintiff has conceded he lacks. Whether to seek a stay or a dismissal on behalf of the Trust is a decision for the Trust's board.

Curiously, plaintiff takes issue with the Independent Trustee Defendants' recognition that the Trust would benefit from the Court's guidance on the legal issues raised by the Complaint. On the one hand, plaintiff assails the Independent Trustee Defendants' position as an improper "abdicat[ion] [of] responsibility for determining the merits of Plaintiff's claim." Opp. 15. Then, plaintiff chastises the Independent Trustee Defendants for reserving the board's right to act in accordance with its business judgment in making the ultimate (separate) judgment regarding how to respond to plaintiff's demand. See Opp. 15. Plaintiff cannot have it both ways.

---

[1] The opening Independent Trustees' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Verified Derivative Complaint (filed March 4, 2011, dckt. no. 29) will be referred to as the "Memorandum" or "Mem." This Reply uses the same abbreviations and defined terms as the Memorandum. It will also refer to certain materials attached to the Declaration of Joanna A. Diakos (the "Declaration"), filed herewith.

1

In any event, plaintiff's criticisms are unfounded. The Independent Trustee Defendants' approach to this case is an entirely proper response to the procedural posture created by plaintiff's litigation tactics and plainly reflects the board's conscientious efforts to perform its duties.

## ARGUMENT

### I. WHETHER TO SEEK A DISMISSAL OR STAY OF THE ACTION ON BEHALF OF THE TRUST IS A DECISION FOR THE TRUST'S BOARD

Plaintiff recognizes that his demand letter "is a waiver of his right to pursue a derivative action on the ground that a demand on the board would have been futile." Opp. 13 (emphasis added). Since demand futility was plaintiff's only alleged basis for bypassing the board's authority to make decisions regarding the Trust's legal claims, plaintiff's concession unquestionably eliminates his ability to maintain this action. See Mem. 3-4.

Plaintiff nonetheless asserts that, at least if certain of his other arguments addressed below in Section II are rejected, this action must be stayed rather than dismissed. Opp. 18. Plaintiff proffers two arguments in support of this conclusion.

First, plaintiff states that courts "routinely stay derivative actions when a special litigation committee has been formed to determine whether to allow the action to proceed." Opp. 18. But plaintiff is confusing demand excused and demand required cases.[2] As further discussed below, pursuant to Zapata Corp. v. Maldonado, 430 A.2d 779 (Del. 1981), companies may resort to

---

[2] In re InfoUSA, Inc. Shareholders Litig., Civ. No. 1956-CC, 2008 WL 762482 (Del. Ch. Mar. 17, 2008), was a demand excused case and thus is inapposite. Id. at *1. Plaintiff's remaining cases are similarly distinguishable. See Abbey Computer & Communications Tech. Corp., 457 A.2d 368, 375-76 (Del. Ch. 1983) (board disqualified from considering demand, id. at 374; defendants moved for a stay, id. at 375-76); In re Take-Two Interactive Software, Inc. Derivative Litig., Civ. No. 06-5279 (LTS), 2007 WL 1875660 (S.D.N.Y. June 29, 2007) (granting special litigation committee motion for a stay; no motion to dismiss was before the Court).

2

special litigation committees even in cases where plaintiff has filed a complaint sufficiently alleging that demand on a majority of board members would be futile, i.e., in so-called demand excused cases. In such cases only, plaintiff's suggestion that courts generally grant stays rather than dismissals to facilitate a special litigation committee investigation may be correct. But, as plaintiff has legally conceded by making demand, this is a demand required case and the board of trustees unquestionably has plenary authority to respond to plaintiff's derivative lawsuit in the manner it deems appropriate. See Braddock v. Zimmerman, 906 A.2d 776, 785-86 (Del. 2006) (an independent board "may cause the corporation to act in a number of ways" with respect to derivative litigation) (citation and internal quotation marks omitted). Therefore, in demand required cases such as this, dismissal rather than a stay of a complaint alleging demand futility is appropriate if so requested by the company's board of trustees. See, e.g., In re Smith & Wesson Holding Corp. Derivative Litig., 743 F. Supp. 2d 14, 21-22 (D. Mass. 2010).

    Second, plaintiff asserts that a stay would be appropriate to "preserve the Fund's substantive rights from possible loss due to the statute of limitations." Opp. 18. But the Trust's board has the authority to take into account the possible effect of statutes of limitations on the Trust's claims. Accordingly, even before plaintiff sent his demand letter, the Trust's board initiated steps to preserve its ability to conduct an appropriate investigation in due course. Defendants named in the Complaint have been asked to execute an appropriate tolling agreement. Almost all have agreed to do so, but the documentation has not been finalized. The Trust's board of trustees respectfully reserves the right to take all appropriate actions to preserve the Trust's potential legal claims, particularly in the event that the Trust does not promptly receive tolling agreements in satisfactory form. Statutes of limitations thus provide no basis for plaintiff's attempts to usurp the board's authority.

## II. A RULING ON WHETHER PLAINTIFF HAS STATED A LEGALLY VIABLE CLAIM WILL SUBSTANTIALLY ASSIST THE BOARD

The Neuberger Defendants have argued that the Court should dismiss the Complaint because it fails to state a legally viable claim. Plaintiff agrees that the issues raised in the Neuberger Defendants' motion are ripe for decision. Opp. 18. And the Court accepted jurisdiction over this case to decide the federal legal issues raised by the Complaint. See Opinion denying remand (dckt. no. 14, entered November 8, 2010, at 7).

Against this backdrop, the Independent Trustee Defendants continue to take no position on the merits of plaintiff's legal theories. And they adhere to their view that it would be beneficial to the Trust should the Court deem it appropriate to resolve the merits of the Complaint's legal theories. See Mem. 5-7. Plaintiff's criticisms of this approach are meritless.

### A. Plaintiff's Abdication Argument is Baseless

Citing Kaplan v. Peat, Marwick, Mitchell & Co., 540 A.2d 726 (Del. 1988), and Abbey v. Computer & Communications Tech. Corp., 457 A.2d 368 (Del. Ch. 1983), plaintiff asserts that the Independent Trustee Defendants have abdicated their responsibilities and "waived the demand requirement," Opp. 15 (capitalization altered), by recognizing that a ruling by the Court addressing the substance of plaintiff's legal theories would clarify the law and substantially assist the board of trustees in evaluating what further steps might be appropriate with respect to plaintiff's allegations. Opp. 15-17. But these two cases do not support plaintiff's position.

As plaintiff correctly observes, Kaplan held that a corporation in a derivative action "cannot effectively stand neutral" regarding "the shareholders' capacity to sue derivatively." See 540 A.2d at 731. Instead, "when a corporation chooses to take a position in regards to a derivative action asserted on its behalf, it must affirmatively object to or support the continuation of the litigation" by the shareholder plaintiff. Id. The company in Kaplan submitted an affidavit

4

to the chancery court expressly stating that the company "neither objects to nor supports this action being brought on [the company's] behalf by certain of [the company's] shareholders." Id. at 729. Under these "unique facts," since the company had "acquiesced to this derivative action[,] the policy underlying Chancery Court Rule 23.1 of safeguarding the directors' power to manage the affairs of the corporation is not implicated." Id. at 731.[3]

But this case is the polar opposite of Kaplan. The Independent Trustee Defendants have "affirmatively object[ed] to … the continuation of the litigation," id. at 731, by the most formal and unambiguous means available. They have filed a motion unequivocally objecting to plaintiff's efforts to exercise control of the litigation and demonstrating that plaintiff has no ability to pursue this action in the Trust's name.

Abbey (a demand excused case) likewise has no bearing on this matter. In the usual case (a demand required case) where a shareholder may not pursue a derivative lawsuit without first making demand on the board, a board is entitled to decide issues relating to the shareholder litigation itself or delegate that decision to an independent committee, and the decision regarding the litigation is accorded the presumption of the deferential business judgment rule. See Seminaris v. Landa, 662 A.2d 1350, 1352-53 (Del. Ch. 1995); Spiegel v. Buntrock, 571 A.2d 767, 776-77 (Del. 1990). Even in a case where demand is excused because a majority of the board is interested or otherwise incapable of responding to the demand (a demand excused case), the board may appoint an independent special litigation committee with full power to respond to

---

[3] In re American International Group, Inc., 965 A.2d 763, 808-10 (Del. Ch. 2009), aff'd, 11 A.3d 228 (Del. 2011), similarly was "**not** the typical situation" – exemplified here – "where a corporation is objecting to litigation brought in its name." Id. at 808 (emphasis added). The special litigation committee there made a deliberate decision to take a neutral position as to certain claims and thus allow the stockholder plaintiffs to go forward with those claims. Id. at 809. Under those circumstances, there was the requisite "assurance that the stockholders' duly elected representatives [had the opportunity to] control the legal rights of the corporation." Id. at 810.

5

the demand and the decision of that special litigation committee may be accorded substantial deference, albeit subject to potentially enhanced scrutiny. See Zapata Corp. v. Maldonado, 430 A.2d 779, 788 (Del. 1981). The portion of Abbey quoted by plaintiff simply recognizes that a company's board in a demand excused case cannot appoint a special litigation committee pursuant to Zapata while still purportedly reserving to itself authority to make decisions regarding the derivative litigation. The board in such a case may not "avail itself of the Zapata decision" while "reserv[ing] the right to raise technical and procedural defenses to itself." Abbey, 457 A.2d at 373.

Because there is no basis to allege demand futility here – a point plaintiff admits he legally conceded by making demand – this is a demand required case.[4] Abbey thus is completely inapposite.

Apparently recognizing that Abbey involves an entirely different situation, plaintiff nonetheless seeks to draw a comparison between "delegat[ing] the decision-making of the merits of the suit to a litigation committee" and the Independent Trustee Defendants' statement that an opinion of the Court addressing the merits of plaintiff's legal theory will substantially assist the board of trustees in their separate, subsequent deliberations regarding plaintiff's demand. Opp. 15-16 & n.6. This attempted analogy is illogical on its face. The Trust's board of trustees obviously cannot delegate any task to this Court.[5] And, far from "surrendering," Opp. 16 n.6,

---

[4] For the same reason, plaintiff cannot allege that the board of trustees in this case has sought to use the Zapata special litigation committee procedure. Further, he does not even argue that the board has delegated authority to a committee as Seminaris and Spiegel permit.

[5] Even assuming *arguendo* the validity of plaintiff's implausible effort to equate this Court with a board litigation committee, plaintiff's argument would still fail. Abbey specifically noted that a board would not be abdicating its authority if it had "caused the corporation to move to dismiss the suit for the failure of the plaintiff to comply with Rule 23.1, and had it at the same time merely appointed a committee to investigate the allegations and to report back to the board for whatever action the board might choose to take on the merits of the charges." 457 A.2d at

6

any authority, the Independent Trustee Defendants' recognition that an opinion of this Court would be helpful to the Trust and would be accorded due weight simply reflects the effort of the Trust's board to fulfill its duties. In the context of shareholder derivative litigation, as with other business decisions, "directors have a duty to inform themselves, *prior to making a business decision*, of all material information reasonably available to them." Aronson v. Lewis, 473 A.2d 805, 812 (Del. 1984) (emphasis added), overruled on other grounds by Brehm v. Eisner, 746 A.2d 244 (Del. 2000).[6] An opinion of the Court addressing the merits of plaintiff's novel legal theory based on the briefing by plaintiff and the Neuberger Defendants would be an authoritative source of legal guidance for the board of trustees to consider in making the ultimate (and separate) determination regarding the proper response to plaintiff's demand. As plaintiff has recognized, the board has reserved for itself full authority to respond to plaintiff's demand.

Indeed, while plaintiff now finds it expedient to argue that the board should have pre-determined the merits of plaintiff's legal theory, plaintiff's counsel has argued in prior similar litigation that the relevant fund board should not have taken a position on the merits and should have limited itself to arguing issues of demand futility.[7] Plaintiff should not be heard to

---

374. That is similar to what has occurred here. The Trust has made clear that it opposes plaintiff's efforts to control this lawsuit. Further, the Trust's board has respectfully apprised the Court that it would benefit from and be guided by an opinion of the Court addressing the merits of plaintiff's legal theories. At the same time, consistent with its duties, the board has reserved for itself the authority to respond to plaintiff's demand.

[6] Thus, plaintiff's suggestion that the board is obliged to make a final decision on whether "this action should be terminated ... *before* asking the Court to definitively rule on the merits," Opp. 16, is not merely unsupported by precedent. It is plainly contrary to basic principles of Delaware corporate law.

[7] See Declaration Exs. 1-2 (relevant excerpts from plaintiff's counsel's briefs in other similar cases). For example, in an October 14, 2010 brief to the Delaware Court of Chancery, plaintiff's counsel helpfully suggested that the "Trustees could have made a motion to dismiss purely on the grounds of demand futility without prejudice to their ability to pursue other

7

complain that the board in this case has seen fit to scrupulously exercise its duties and decline to take to take a position on the Neuberger Defendants' 12(b)(6) motion.

**B.    This is Not a Demand Refused Action**

Plaintiff also suggests that defendants should be "bound by this Court's determination on the merits," Opp. 18, and, thus, that "this action should proceed if the Court determines that Plaintiff's claims are legally viable." Opp. 17. In plaintiff's view, "[i]t is difficult to see how Trustee Defendants could genuinely uphold the policy goals of Zapata if they chose to forego claims that this Court rules are viable." Opp. 17. See also Opp. 15 (pejoratively characterizing Independent Trustee Defendants' position as "ask[ing] the Court to expend judicial resources to issue a definitive determination of the merits of Plaintiff's claim for them – while purporting to reserve the right to later ignore this Court's decision if it is not to their liking").

There are at least two fundamental flaws in plaintiff's argument.

First, plaintiff errs in suggesting that the Court should attempt to predetermine the preclusive consequences of its decision in this action. The Court's decision on the Neuberger Defendants' 12(b)(6) motion may have such consequences for either plaintiff and/or the Neuberger Defendants, and it may be appropriate for the Trust's board of trustees subsequently to consider the extent to which principles of issue or claim preclusion might attach to the Court's decision. Nonetheless, "[a] court conducting an action cannot predetermine the res judicata

---

procedural and substantive defenses if such motion was denied. They could also have left the substantive attack on Plaintiffs' claims to the other defendants, whose assertions would not have been judicial admissions that would have hobbled their efforts to pursue claims on behalf of the Nominal Defendants, should the[y] have wished to pursue such claims in response to a demand." Declaration Ex. 1 at 40. Plaintiff's counsel was of course correct when he argued in prior cases that a defendant in a derivative action may secure dismissal in a derivative action solely by invoking Fed. R. Civ. P. 23.1. See, e.g., In re The Dow Chem. Co. Derivative Litig., No. 4349-CC, 2010 WL 66769, at *1 n.1 (Del. Ch. Jan. 11, 2010).

8

effect of the judgment; that effect can only be tested in a subsequent action." Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 396 (1996).

Second, because the Trust's board has not yet made a decision regarding how to respond to plaintiff's belated demand, there is no need or basis at this time to litigate the validity of a hypothetical future decision by the board refusing (or acting upon) plaintiff's demand. To the extent that plaintiff is dissatisfied with the board's eventual decision and can frame a colorable pleading, he may be able to challenge the board's decision in a separate complaint alleging that demand was wrongfully refused. Sapient Corp Derivative Litig., 555 F. Supp. 2d 259, 264 (D. Mass. 2008) (suggesting that, "[i]f the Board refuses [the] demand, Plaintiffs can decide to pursue a 'demand refused' action"). For now, it is enough to observe that, while a non-frivolous legal claim is a necessary requirement for bringing a legal claim on behalf of a corporation or any other litigant, it is not a sufficient condition in this context. There are other factors that a board must consider in exercising its business judgment. See Mem. 6; Carlton Invs. v. TLC Beatrice Int'l Holdings, Inc., No Civ. A. 13950, 1997 WL 305829 at *11 (Del. Ch. May 30, 1997). Plaintiff cites no authority and makes no persuasive argument for short-circuiting this analysis.

## CONCLUSION

For the foregoing reasons, the Independent Trustee Defendants and Nominal Defendant respectfully request that the Court dismiss the Complaint. The Trust's board respectfully reserves the right to take additional appropriate actions on behalf of the Trust.

Dated: New York, New York
       April 7, 2011

>Respectfully submitted,
>
>K&L GATES LLP
>
>By: *[signature]*
>Joanna A. Diakos (JD 7269)
>599 Lexington Avenue
>New York, NY  10022-6030
>E-mail: joanna.diakos@klgates.com
>Phone: (212) 536-3900
>Fax:    (212) 536-3901
>
>
>Jeffrey B. Maletta (admitted *pro hac vice*)
>Nicholas G. Terris (admitted *pro hac vice*)
>1601 K Street, NW
>Washington, DC 20006-1600
>E-mail:  jeffrey.maletta@klgates.com
>         nicholas.terris@klgates.com
>Phone: (202) 778-9000
>Fax:    (202) 778-9100
>
>*Attorneys for Defendants John Cannon, Faith Colish,*
>*Martha C. Goss, C. Anne Harvey, Robert A. Kavesh,*
>*Howard A. Mileaf, Edward L. O'Brien,*
>*William E. Rulon, Cornelius T. Ryan,*
>*Tom D. Seip, Candace L. Straight, Peter P. Trapp and*
>*Nominal Defendant Neuberger Berman Equity Funds*