14EYGAMC

```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    BENJAMIN M. GAMORAN,
      derivatively on behalf of
 4    the nominal defendants, et al.

 5             Plaintiff,

 6        v.                              10 Civil 6234 (LBS)

 7    NEUBERGER BERMAN MANAGEMENT,
      LCC, et al.,
 8
         -and-
 9

10    NEUBERGER MERMAN EQUITY FUNDS,
      d/b/a NEUBERGER BERMAN
11    INTERNATIONAL FUND

12             Nominal Defendant..

13    ------------------------------x

14

15

16

17                                       April 14, 2011
                                         10:15 a.m.
18

19    Before:

20           HON. LEONARD B. SAND

21                                       District Judge

22

23

24

25
```

14EYGAMC

1                                    APPEARANCES

2    HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES, LLP
     Attorenys for Plaintiff
3          112 Madison Avenue
           New York, New York
4    THOMAS I. SHERIDAN, III, ESQ.,
     NICO HERRERA, ESQ.,
5          Of counsel

6

7    MILBANK, TWEED, HADLEY & MCCLOY, LLP
     Attorneys  for Defendants
8          1 Chase Manhattan Plaza
           New York, New York
9    DOUGLAS W. HENKIN, ESQ.,
     CHRISTOPHER N. GRAY, ESQ.,
10   MATTHEW J. LATTERNER, ESQ.,
           Of counsel

11

12   K&L GATES
     Attorneys  for Nominal Defendants
13         1601 K. Street NW
           Washington, D.C.
14   JOANNA A. DIAKOS, ESQ.,
     NICHOLAS G. TERRIS, ESQ.,
15         Of counsel

16                                    – – –

17

18         THE CLERK:  In the matter of Benjamin M. Gamoran

19   against Neuberger Berman Management, et al.

20         Counsel, if you can just please identify yourselves

21   for the record beginning with plaintiff.

22         MR. SHERIDAN:  I'm Tom Sheridan from Henly Conroy

23   representing the plaintiff and with me at counsel table is Nico

24   Herrera.

25         MR. HENKIN:  Good morning, your Honor.  Douglas Henkin

14EYGAMC

1   from Milbank Tweed for the investment advisor defendants, and

2   with me today from Milbank Tweed are also Neil Gray and Mat

3   Latterner.

4           MS. DIOKOS:  Good morning, your Honor.  Joanna Diokos

5   from K&L Gates representing the nominal defendants and

6   independent trustees, and with me is Nicholas Terris from our

7   office.

8           THE COURT:  My understanding is that subsequent to

9   commencing the action the plaintiffs have served on the

10  directors a demand.  The consequence of doing that are very

11  clear under the cases that where would-be derivative plaintiffs

12  serve a complaint which alleges that demand would be futile and

13  subsequent to doing that serve a demand the complaint is

14  dismissed.

15          There are many, many cases to that effect.  In Re:

16  Sapient Corporation derivative litigation, 555 Fed. Supp. 229,

17  District Court of Massachusetts, 2008 spells it out all very

18  clearly and cites numerous cases.  Therefore, it follows that

19  this court should dismiss the complaint.

20          Once a complaint is dismissed, obviously that

21  dismissal is without prejudice.  Would-be plaintiff's counsel

22  can then proceed as they see fit in whatever court they see fit

23  and the case in this court before me is closed.  Why isn't that

24  so?

25          MR. SHERIDAN:  May it please the court.

14EYGAMC

```
 1              THE COURT:  Yes.
 2              MR. SHERIDAN:  I take it that question was addressed
 3    to the plaintiff and so I rise to respond to it.
 4              I think the reason that this case should not be
 5    dismissed for the reasons your Honor has described is that what
 6    has happened in this case is not what happens in the usual
 7    case.  What happened here is after the demand was made, the
 8    trustees have affirmatively invoked the jurisdiction of this
 9    court asking your Honor for a ruling on the merits of the
10    underlying issue.
11              THE COURT:  That is absurd.  Absurd is the only
12    adjective I can apply to that.
13              The notion that a federal court in a case which should
14    be dismissed would give an advisory opinion as to the merits of
15    the case would be unique in my 32 years on the bench.
16              MR. SHERIDAN:  Excuse me, Judge, but in derivative
17    litigation it is not inappropriate for the trustees to ask the
18    court to continue the litigation.  That's one of the options --
19              THE COURT:  In a case which is summarily dismissed?
20              MR. SHERIDAN:  Well, I don't agree that it should be
21    dismissed, Judge.
22              The jurisdiction of the court was appropriately
23    invoked at the outset based on demand utility allegations.
24    Circumstances have changed.  That does not necessarily mean you
25    have to immediately dismiss the complaint.  There may be facts
```

14EYGAMC

| 1 | which have occurred which are sufficient to justify keeping the |

1  which have occurred which are sufficient to justify keeping the

2  case alive, and here --

3          THE COURT:  I don't know whether you read any of these

4  cases, but it isn't an open area.

5          Judge Tauro in the Sapient Corporation case, you know,

6  lays it all out and cites numerous cases.

7          MR. SHERIDAN:  I would like to make --

8          THE COURT:  Tell me what circumstance, what

9  circumstance -- let me just finish the sentence.

10          MR. SHERIDAN:  Well, there are two circumstances that

11  I think are particularly important --

12          THE COURT:  Can I finish the sentence?

13          MR. SHERIDAN:  I'm sorry, Judge, I thought you had.

14  Excuse me.

15          THE COURT:  I think you are about to attempt to.

16          What circumstances would necessitate the action with,

17  subsequent to a post-commencement suit predicated on futility

18  of demand the plaintiffs make a demand.  Tell me what

19  circumstances.

20          MR. SHERIDAN:  Well, I will tell you, there are two

21  circumstances here, one of which I've mentioned, which is the

22  fact that the trustees themselves asked the court for a ruling.

23  I think that -- I submit that is sufficient -- whether your

24  Honor wants to give an advisory opinion or not, I'm not going

25  to address that --

14EYGAMC

1          THE COURT:  To give an advisory opinion of the

2     validity of a case which should be dismissed.

3          MR. SHERIDAN:  I don't agree that it is an advisory

4     opinion, your Honor.  I believe that where the trustees have

5     asked the court affirmatively to rule on the issue that they

6     have waived the right to ask that the case be dismissed.  At

7     that point the requirement of a demand no longer applies

8     because they have taken a position that the case should go

9     forward.  They have asked your Honor to rule on something.

10          It's not purely advisory by any means.  The issue is a

11     very live issue.  All of the parties to the case would like

12     your Honor to rule on the issue.  It's a live controversy.  It

13     is not purely advisory because it will have an impact on the

14     parties and on what happens in this case and on what happens

15     with respect to the demand.  So it does not have the sort of

16     people just coming in and idly asking for a court on an opinion

17     on the issue of law that they are curious about --

18          THE COURT:  Go back to your office, you type out a

19     complaint which is the same as your present complaint except

20     you don't allege futility, you allege that you have made a

21     demand and then you come back.  It isn't necessarily the death

22     knell of the litigation, but I don't see why we should go

23     through this notion of a waiver of what the rule requires, and

24     if they want to, if the directors then want to grant or deny

25     the demand, that's a decision for them to make.  The notion

14EYGAMC

1    that the court should give an opinion on what, on the

2    underlying merits of the case?

3            You know, I think I said quite a bit in my order

4    denying the application to remand.  I don't think it would be

5    appropriate or necessary for me to do any more than what I said

6    in that.

7            MR. SHERIDAN:  Your Honor, briefly, to the Second

8    Circuit sense that I wanted to mention that distinguishes this

9    case --

10           THE COURT:  Yes?

11           MR. SHERIDAN:  And that is an earlier version of this

12   case was originally filed in federal court and it was

13   discontinued pursuant to a stipulation that permitted the

14   relation back of the claims for purposes of statute of

15   limitations.

16           When we refiled this action, we were within the scope

17   of that agreement and order that had been ordered and now if

18   the action is discontinued, even if it's discontinued without

19   prejudice, I believe that there is a significant potential for

20   prejudice to the corporation and its claims as a result of the

21   expiration of the statute of limitations.

22           The claims in this case relate to things that were

23   done back in 2006 -- actually, 2005 and 2006 and arguably those

24   claims would have expired were it not for the relation back to

25   the original filing.  And so that distinguishes one of the

14EYGAMC

 1    cases that they cite, and I can't remember if it was one of the

 2    cases you cite, but the Smith & Wesson case they cite the court

 3    assumed, well, after the board acts on the demand if you are

 4    not happy with it you can simply file a new action and

 5    everything is fine so there is no reason not to dismiss the

 6    case now, the case is premature.

 7            But here there would be actual prejudice to the rights

 8    of the corporation and of the investors by reason of the

 9    passage of time, and that's not something that we can control.

10            Now, in their reply papers the trustees have said,

11    well, we've handled that because we've asked for defendants to

12    give some assurance about the statute of limitations, some

13    tolling and most of them have agreed, but we haven't actually

14    documented that yet.

15            I submit, first, there is nothing in the record that

16    your Honor could rely on in terms of that --

17            THE COURT:  And certainly no opinion that I would

18    render which would deal with that.  I can't enter --

19            MR. SHERIDAN:  But the dismissal of the action --

20            THE COURT:  Yes?

21            MR. SHERIDAN:  If your Honor is assuming that we could

22    simply able to get back to the status quo and by filing a new

23    action after they refused the demand, that is probably not the

24    case because of the statute of limitations which will by that

25    time have expired and as a practical matter if you dismiss now

14EYGAMC

1   you are deciding, you're deciding the fate of the case because

2   the statute of limitation will bar it.

3       The only way, I believe -- I don't see any other way

4   to preserve the interests of the corporation vis-a-vis the

5   statute of limitations except by either not dismissing the case

6   and moving on to resolve the issues on the merits as all the

7   parties have asked the court to do or at a minimum staying the

8   action until such time as a demand is made.  And, indeed,

9   staying the action until such time as the board has made a

10   decision is a fairly common procedural device used both in

11   federal and state court.  That way the case --

12       THE COURT:  That was dealt with in Sapient in denying

13   an application for a stay to permit the directors to respond to

14   the demand which is made midstream in the case.

15       It's very unfortunate that plaintiffs did not focus on

16   what the consequences of the post-commencement of the demand.

17       You know, is there anything that is preventing the

18   directors from entering into a stipulation with respect to the

19   statute of limitations?

20       I'm trying to, I'm trying to envision an order which

21   would preserve the life of the present action.

22       Now, Judge Owen, in a case which is cited In Re:

23   Pfizer, Inc., 503 F. Supp. 2d 680, Judge Owen says that if the

24   directors deny the request that they initiate the litigation,

25   the plaintiff may pursue a demand or refuse action.

14EYGAMC

| 1 | With all respect to Judge Owen, I don't understand |

1       With all respect to Judge Owen, I don't understand

2  that.  I don't understand how directors who respond to a demand

3  made in a case which is either dismissed or is subject to being

4  dismissed.

5       You know, Judge Harris said to hold the demand to

6  satisfactory Rule 23 (1) and made on the directors after a

7  derivative suit has been initiated would be to reduce the

8  demand requirement of the rule to a meaningless formality,

9  citing a First Circuit case, cert. denied.

10       MR. SHERIDAN:  If I may, your Honor?

11       THE COURT:  Yes.

12       MR. SHERIDAN:  Your Honor observed a few moments ago

13  that you thought it might be hard to draft an appropriate order

14  and I would suggest that it would be appropriate to enter an

15  order that would say the action is stayed until, let's say, 30

16  or 60 days after the plaintiff has received a response to the

17  demand from the board of directors and at that point what would

18  probably happen is that the plaintiff would ask the court for

19  leave to amend the complaint, it's possible the directors would

20  offer such a persuasive reasoning for their refusal of the

21  demand that the plaintiff might drop the case.

22       I'm not predicting that that will happen because I

23  find it hard to believe that they could persuade me that this

24  case should be dropped, but assuming, you know, we went forward

25  we could amend the complaint and it would go forward on the

14EYGAMC

1    basis of a wrongful demand action.  That way the interests of

2    the corporation would not be prejudiced by the potential

3    expiration of limitation periods, the interest of the

4    corporation would not be prejudiced in any way by the passage

5    of time, the board of directors would have an opportunity to

6    make its decision with respect to the demand.

7              I don't believe that any of the parties on the defense

8    side would be prejudiced by the entry of a stay.  That would

9    simply preserve the status quo pending an action on the part of

10   the board.

11             THE COURT:  Is there an objection to a stay?

12             MR. HENKIN:  Your Honor, I don't mean to interrupt,

13   but may I be heard on that point?

14             THE COURT:  Tell me again who you represent.

15             MR. HENKIN:  The Neuberger Berman defenders AND THE

16   investment advisor defendants, not the board.

17             THE COURT:  Yes.

18             MR. HENKIN:  Your Honor, there have been a lot of

19   things discussed and I wanted to address some of these issues

20   from the perspective of the primary defendant who actually has

21   been accused of committing federal crimes here, because I think

22   that's been a little bit lost in the discussion that

23   Mr. Sheridan was having.

24             The situation here is somewhat unusual.  As you just

25   heard Mr. Sherman said, he doesn't thing there is very much

14EYGAMC

1    anybody can do to convince him that these claims shouldn't be

2    pursued.  Frankly, we knew that beforehand from his conduct in

3    the Seidl case which we discussed in our opening brief in which

4    he immediately filed a demand refuse case and he actually asked

5    that the appeal of the dismissal on the demand excusal grounds

6    being dismissed as moot because of the demand refuse case that

7    was filed.

8            If you look at the demand letter that was actually

9    made here or that was actually sent here, I should say, it's a

10   quite unusual demand letter for two reasons:

11           First of all, it does not say we think that things

12   happened, board, please investigate and do whatever you think

13   is appropriate, it says we filed a complaint, here's a copy of

14   the complaint, you, board, go off and pursue the claims alleged

15   in the complaint on behalf of NBEF and the fund.  So it's a

16   very specific demand and it only asks for a very specific

17   thing.

18           And then the final paragraph of the demand letter

19   essentially says what Mr. Sheridan just confirmed a few minutes

20   ago that Mr. Gamoran reserves the right to essentially ignore

21   whatever the board might do, in which case we're in exactly the

22   same place as we are now.  And from the perspective of the –– I

23   think where your Honor was going in the beginning of the

24   discussion was that this is, for lack of a better term, a

25   self-inflicted wound on the plaintiff's part and the question

14EYGAMC

1    then becomes -- and I don't really thing there is a lot of

2    dispute that that's really what is going on here.

3          And then the question becomes, what ought the effect

4    of that to be on a group of defendants who have been accused of

5    committing federal crimes and accused of doing that in a way

6    that, frankly, we think if you read the statute and you look at

7    the legislative history and you think about what the

8    repercussions of that would be are not valid claims and would

9    be subject to dismissal under Rule 12(b)(6).  And what we want

10   to avoid here is two things, really:

11         One is having these claims be in the air, so to speak.

12   My clients have been accused of committing crimes.  We would

13   like to get that addressed.

14         And the other thing we would like to avoid, frankly,

15   is something that has occurred in all of the other cases that

16   have come up regarding these same theories against Vanguard and

17   some of the other mutual fund complexes in which they have

18   almost been court hopping, for lack of a better term.

19         So what started out as a group of cases in this court

20   has turned into a case that was filed in New York Supreme and

21   is now back here, several that were filed or at least one that

22   was filed in Delaware Chancery Court that is proceeding there,

23   some that are now in federal courts in Missouri with regard to

24   another mutual fund complex, and we would like to avoid that

25   sort of court hopping, particularly because, as best I've heard

14EYGAMC

1   from everyone, the issues aren't going to change.

2          Mr. Sheridan basically said and the demand letter

3   confirms those are the claims I want to pursue and I want to

4   pursue them whether they are demand excuse, demand refused, he

5   doesn't particularly care, and particularly due to the nature

6   of the claims --

7          THE COURT:  What doesn't he care about?

8          MR. HENKIN:  Whether it is demand refused or demand

9   excused.  And that's the reason why we think it's appropriate

10  to get to the merits or have the dismissal be with prejudice.

11         Frankly, that doesn't matter, you know, the dismissal

12  for failure to make demand to be with prejudice.  But that's

13  the aim that we've got, because we are the ones, my clients are

14  the ones who have been accused of crimes, and what we got is a

15  situation here where there has been a complaint filed that

16  alleges all of these, you know -- Mr. Sheridan may not think of

17  them that way, but if you are accused of a crime it's a

18  significant thing, particularly if you are in the business

19  world.

20         There has been a direct challenge to that claim on the

21  merits and Mr. Sheridan, who claims to be the one who has the

22  right on behalf of his client to defend those claims has done

23  so on the merits and we think it would be unfortunate and not a

24  good use of resources for the courts or the parties to have

25  that get messed up.

14EYGAMC

1              You know, frankly, one of the things --

2              THE COURT:  Therefore, your position is that the court

3    should do what?

4              MR. HENKIN:  Should either dismiss with prejudice if

5    the court wants to address the demand issue or move to the

6    merits and issue 12(b)(6) dismissal.

7              THE COURT:  I certainly won't dismiss on the merits

8    because that's not a consequence of making a demand subsequent

9    to starting the case and I am certainly am not going to deal

10   with the merits.

11             MR. HENKIN:  I mean, in terms of conditions if that's

12   what your Honor is thinking about next, I think it would be

13   appropriate here to put conditions on any suit that might be

14   refiled to address some of the things that have gone on in

15   other suits.

16             THE COURT:  I have no jurisdiction to do that.  I have

17   no authority to do that.  I can't impose any restraints on

18   plaintiff's counsel as to where or when they bring suit.

19             The issue on the merits is not an easy issue.  As I

20   say, I did discuss it to some extent in my opinion denying

21   remand to state court.

22             I don't see -- obviously it's unfortunate and one

23   doesn't lightly enter an order which is a consequence of

24   counsel's error, but there are so many cases, the law is so

25   clear that the consequence of a demand made subsequent to the

14EYGAMC

```
 1    filing of a complaint which seeks to excuse a demand on

 2    futility grounds is to dismiss the complaint.

 3             MR. HENKIN:  And I don't disagree with your Honor's

 4    reading of the case law.  What I was suggesting is that there

 5    are circumstances that the court can take into account in each

 6    individual case, as I think your Honor was mentioning when you

 7    were referring to some of the things that were said in the

 8    Sapient decision so that the court can craft whatever order it

 9    decides to enter in a way that takes into account all of the

10    parties' interests and, frankly, as part of that should take

11    into account the nature -- let me rephrase that -- how the case

12    got to where it was.

13             And if you look at, frankly, just look at the

14    discussion in the plaintiff's opposition brief that tells the

15    court how we got to where we got, where we are now in the case,

16    it's very clear that what the plaintiff was trying to do at

17    several different stages, when they first made the demand, when

18    they then asked for an agreement to stay the case and so on was

19    to avoid a decision on the merits in this court for as long as

20    possible, and the court should take that into account in

21    crafting an order.

22             For example, in forum non cases when someone asks for

23    a dismissal on forum non conveniens, courts often issue orders

24    that make dismissal conditional, usually in that case it's with

25    respect to defendants agreeing to certain conditions.  Here it
```

14EYGAMC

1      just makes sense for the conditions to be placed on the

2      plaintiff.  But courts often put conditions on dismissal

3      orders.  And here what we would say is that those conditions

4      ought to be really two things:

5              Obviously, you can't, obviously you can't direct

6      Mr. Sheridan when he might do something because partially that

7      is out of his control, but what you can say -- and I raised

8      this first issue because Mr. Sheridan was talking about

9      amending the complaint at some point, this is already the

10     second complaint in this action -- what the court can say any

11     amendment could be limited or should be limited solely to the

12     demand issue so no other substantive amendments, and, two, that

13     there should be a limitation on where that lawsuit is filed,

14     because we don't want to have the court hopping situation and

15     have, for example, a do-over of the removal and remand issue

16     that we have already gone through, not once, but twice with

17     your Honor.

18             So those are conditions that I think it would be fair

19     for the court to enter to give essentially a benefit to the

20     plaintiff despite the self-inflicted wound.  And if the court

21     doesn't want to set those conditions, then we would argue that

22     the dismissal ought to be with prejudice.

23             THE COURT:  I won't dismiss with prejudice and I'm

24     loathe to do anything other than to say the consequence of the

25     filing of a demand subsequent to the filing of a complaint

14EYGAMC

```
 1   which sought to excuse demand on futility grounds is dismissal

 2   of the complaint.

 3           MR. HENKIN:  I'm not going to press the issue, your

 4   Honor.

 5           THE COURT:  You know, the only, the only way I could

 6   see a control over the forum over matters that might be of

 7   interest would be a stipulation among the parties.  I don't

 8   know whether that's possible.  I do not know what inducements

 9   could be made for the defendants to preserve this case.

10           MR. HENKIN:  Well, that's fair, your Honor, and it may

11   be what you are suggesting is that we talk amongst counsel.

12           THE COURT:  Yes.

13           MR. HENKIN:  And we are speaking from the investment

14   advisor defendants' perspective.  We are perfectly willing to

15   have that conversation to see whether, you know, a resolution

16   might present itself.

17           THE COURT:  I won't enter an order.  Today is the

18   14th.  The I won't enter an order until May 2.  I'm not

19   granting any stays, I'm just advising you that I won't do it

20   until May 2.

21           Yes.

22           MR. SHERIDAN:  Can I speak to it?

23           THE COURT:  Yes.  Sure.  You know, also -- have the

24   directors -- are counsel advising the directors?

25           MR. TERRIS:  Yes, your Honor.
```

14EYGAMC

|    |                                                                  |
|----|------------------------------------------------------------------|
| 1  | If I may address a couple of points.  I don't want to            |
| 2  | jump in front of Mr. Sheridan.                                   |
| 3  | THE COURT:  Why don't I hear from you next.                     |
| 4  | MR. TERRIS:  Okay.                                               |
| 5  | And your name is?                                               |
| 6  | MR. TERRIS:  I am Nicholas Terris and we represent the          |
| 7  | independent director defendants in this case as well as the     |
| 8  | nominal defendant, the trust.                                   |
| 9  | I guess I want to make two principal points.                   |
| 10 | One is it seems like your Honor might be pretty far            |
| 11 | towards making up his mind, but for what it is worth from our   |
| 12 | point of view you are absolutely right.  Certainly the case law |
| 13 | is very clear when you make a midsuit demand that moots the     |
| 14 | demand futility issue, it eliminates the plaintiff's ability to |
| 15 | say demand is futile and, therefore, I OUGHT to be able to      |
| 16 | prosecute the case on behalf of the fund.  We are certainly in  |
| 17 | complete agreement with that.                                   |
| 18 | But there is -- there are essentially two pending             |
| 19 | motions here.  There is a motion pursuant to 23.1 and that      |
| 20 | necessarily has to be granted because plaintiff has made a      |
| 21 | demand requirement.  I don't think, however, it is necessarily  |
| 22 | true just because the bottom line has to be dismissal,          |
| 23 | dismissal of the complaint that at least that the request of    |
| 24 | the board, we submit if the board were requesting a stay or     |
| 25 | certain other remedies that that would be within the board's    |

14EYGAMC

| | |
|---|---|
| 1 | ability to do that because what a demand letter does is is an |
| 2 | admission that the board is the group that has the authority to |
| 3 | control the litigation just like it has authority over other |
| 4 | business decisions.  An individual shareholder, of course, |
| 5 | can't tell the fund's portfolio management to invest the fund's |
| 6 | money, it's just the same as that. |
| 7 | But it seems to us, your Honor, there are really two |
| 8 | motions here and the court has the ability to grant a dismissal |
| 9 | based on either motion, the 12(b)(6) motion or the 23.1 motion, |
| 10 | and it certainly would not be an advisory opinion because if |
| 11 | your Honor were to grant the 12(b)(6) motion that the Neuberger |
| 12 | Berman defendants have made -- we haven't joined that motion |
| 13 | substantively -- but certainly that would be, one would thing, |
| 14 | binding on plaintiffs and would prevent them from coming back, |
| 15 | and if the board says, well, you know, we have looked at it, |
| 16 | for example -- |
| 17 | THE COURT:  But that would be a decision by the court |
| 18 | on the merits of the complaint apart from demand issues. |
| 19 | MR. TERRIS:  It certainly would be, your Honor. |
| 20 | THE COURT:  How could I in good conscience do that |
| 21 | unless I, unless I went through the whole merit issue? |
| 22 | MR. TERRIS:  Well, it would, it would require a merits |
| 23 | determination. |
| 24 | Our interest in this is simply that it seems like a |
| 25 | dispute over the merits is going to be inevitable.  This exact |

21

14EYGAMC

1    question --

2           THE COURT:  It may be inevitable, it may be in another

3    context in another court before another judge, but this court,

4    referring to the court as a whole, not just me, don't reach out

5    to grab issues which are not jurisdictionally before me, before

6    the court, and you certainly don't make decisions on the merits

7    in a case unless that's what you have to do.

8           MR. TERRIS:  I certainly understand the point your

9    Honor is making, of course.  I don't think that the demand

10   issue is sort of like a subject matter jurisdiction where, you

11   know, it's an absolute and you have a yielding barrier.  In

12   fact, there are cases where you have a court that will dismiss

13   a derivative complaint and some of the related cases, I think

14   the Seidl case possibly, the McBreacy case possibly, the court

15   would sometimes address demand issues and also say, oh, by the

16   way, there is no, you know -- also say a few things about the

17   12(b)(6) motion.

18          THE COURT:  Some indication to give a clue, right?

19          I think I did some of that in my opinion on the

20   denying demand.  Okay.  But I'm reassured by your presence here

21   that the directors will be fully informed and if there is a

22   possibility of a stipulation that would deal with the statute

23   of limitations problem or otherwise, why, I hope it will be

24   fully supported.

25          Does anybody wish to say anything else?

14EYGAMC

1          MR. SHERIDAN:  No, your Honor.

2          THE COURT:  We are adjourned.

3          Decision is reserved.

4                              -  -  -